IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Respondent,             No. CR S-02-0519 FCD DAD

   vs.

ESEQUIEL QUESADA GARCIA,

       Movant.          <u>ORDER</u>

_____/

       Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Movant seeks post-conviction relief on the basis that his trial counsel rendered ineffective assistance.  Before the court is respondent's motion seeking leave to conduct discovery, for an order declaring a waiver of attorney-client privilege, and for an extension of time to file an answer to the motion.

BACKGROUND

       On November 20, 2002, movant and two co-defendants were charged in an indictment with conspiring to manufacture at least 1,000 marijuana plants, manufacturing at least 1,000 marijuana plants, and possessing a firearm in furtherance of drug trafficking crimes.  Following a jury trial, movant was convicted on all counts and sentenced to a total of 181 months

/////

imprisonment, a five-year supervised release term on each count to run concurrently, and $300 in special penalty assessments.

Movant filed an appeal of his judgment of conviction on June 9, 2004.  Therein, he argued that his conviction should be reversed because of jury misconduct.  He also argued that his sentence was improperly imposed.  The parties subsequently filed a joint motion for remand in light of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).  That motion was granted, and the matter was remanded for sentencing proceedings consistent with the decision in United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005).  On March 20, 2006, the assigned district judge ruled that his previously issued judgment would remain in effect.  On May 2, 2007, the Ninth Circuit filed a memorandum decision affirming the district court's judgment and sentence.

On July 30, 2008, movant filed the instant § 2255 motion, alleging that his trial counsel rendered ineffective assistance.  By order dated September 8, 2008, respondent was directed to file an answer to the § 2255 motion within thirty days.  On October 8, 2008, respondent filed a motion for: (1) leave to take discovery in the form of a deposition of movant's trial counsel and the issuance of a subpoena for any documents related to the issues raised in the § 2255 motion; (2) an order declaring that movant had waived the attorney-client privilege with respect to all issues implicated in his claim of ineffective assistance of counsel; and (3) a ninety-day extension of time to file a response to the § 2255 motion to allow completion of discovery and/or receipt of all deposition transcripts.  In that motion, respondent's counsel represented that movant's trial counsel had responded to an inquiry by indicating that he had information and documents relevant to movant's allegations contained in the pending § 2255 motion but would only provide them upon the issuance of a court order declaring a waiver of attorney-client privilege and directing him to provide the information and documents.

On October 24, 2008, this court issued an order which granted respondent's motion for a ninety-day extension of time to respond to the § 2255 motion.  The court further

ordered movant to respond to respondent's requests for discovery and for a court order waiving the attorney-client privilege within twenty-one days.  The court noted that any deposition of movant's trial attorney would appear to require special arrangements because movant is proceeding with the § 2255 motion in pro per and is currently in prison.  Specifically, the court suggested that movant would be unable to attend the deposition unless it was conducted at his place of confinement.  Although movant received a copy of the court's October 24, 2008 order, he did not file a response to respondent's motion for discovery and for a court order waiving the attorney-client privilege.  He did, however, file letters with the court on February 25, 2009, and April 2, 2009, asking whether respondent had filed an opposition to his § 2255 motion.

On April 6, 2009, respondent filed a second motion requesting discovery and a forty-five day extension of time to file a response to the § 2255 motion in order to allow completion of discovery.  Respondent explained that he had been waiting for a resolution of his discovery request before filing a response to the § 2255 motion, and that he failed to notice or to notify the court that movant had not responded to his request for discovery.  Respondent sought relief from its "inadvertent error" in this regard, and requested an additional "forty-five day extension of time from the time that the Court issues a ruling on the instant motion to respond to Garcia's § 2255 petition, and a ruling on its previous motion so that it can obtain from [movant's trial counsel] the discovery that it needs to prepare and file its response to Garcia's petition." (April 6, 2009 motion, at 5.)  Respondent's counsel stated that he had communicated with movant's trial counsel and believed he could obtain the information he sought in discovery through documentary evidence and a declaration signed by trial counsel, thereby obviating the need for a deposition.  (Id. at 6-7.)

On May 1, 2009, movant filed a document entitled "Motion for a Finding of Waiver by the Government of its Right to Contest Petitioner's § 2255."  Movant argues that because of respondent's "dilatory conduct," this court should "simply . . . resolve petitioner's claims raised in his habeas petition without need [for] any response from the Government."

3

(May 1, 2009 motion, at 2.)  Movant also argues that, in light of respondent's failure to file a timely opposition, the court should "accept petitioner's allegations in his § 2255 petition as true for purposes of deciding whether to grant an evidentiary hearing."  (Id.)  Movant contends that this court cannot resolve "material factual issues which turn upon a credibility determination of the witnesses . . . by simply choosing between affidavits without an evidentiary hearing."  (P. & A. attached to May 1, 2009 motion, at 3 & n.3.)

On May 18, 2009, respondent filed a "Memorandum in Response" to movant's May 1, 2009 motion for a finding of waiver.  Therein, respondent argues that

> only by receiving the relief that the United States requests, namely, information, documents, and sworn written statements from [movant's trial counsel], can the United States properly respond to Garcia's § 2255 petition.
>
> Alternatively, the United States respectfully requests that the Court order that Garcia has waived the attorney-client privilege and allow the prosecutor to examine at an evidentiary hearing [movant's trial counsel] on the matters on which Garcia claims that his attorney was ineffective.  In addition, the United States seeks leave of Court to file its response to Garcia's petition thirty days after the Court conducts such an evidentiary hearing so that the United States can properly respond to Garcia's allegations.

(May 18, 2009 Mem. at 2-3.)  Respondent argues that it would be "unfair to bar the United States from responding to Garcia's petition when the United States has never received a final ruling on its motions."  (Id. at 10.)

On July 8, 2009, movant filed a "Traverse" to respondent's May 18, 2009 "Memorandum in Response."  In that document, movant claims that he did not receive a copy of respondent's motion for discovery and was therefore unable to file a reply.  (Traverse at 2.)  He also argues that respondent has "forfeited" the right to oppose the § 2255 motion because of his failure to address the merits of the motion.  (Id.)  Movant argues that respondent's actions have violated his right to due process and have resulted in an unconscionable delay in obtaining a resolution of the § 2255 motion.  (Id. at 3.)  Movant requests that this court consider his § 2255 motion "without reference to the untimely pleadings . . . submitted by respondent" and

4

1  "adjudicate the merits of petitioner's § 2255." (Id. at 4.)  Alternatively, movant requests an

2  evidentiary hearing on his claims.

3                                          ANALYSIS

4              In his § 2255 motion, movant alleges that his trial counsel rendered ineffective

5  assistance of counsel in three ways.  First, he argues that his trial counsel improperly failed to file

6  a motion to suppress the marijuana and firearms evidence seized as a result of the warrantless

7  search of the outdoor marijuana garden.  Second, movant argues that his trial counsel improperly

8  failed to obtain a Spanish/English language interpreter for movant's use during trial.  In this

9  regard, movant states that his "difficulty with the English language prevented his understanding

10  of the criminal proceedings before and during trial" and that he was unable to communicate with

11  his trial counsel and assist in his defense. (P. & A. attached to § 2255 motion, at 8.)  Third,

12  movant contends that his trial counsel failed to advise him on the alternatives to proceeding to

13  trial; such as pleading guilty to the charges against him, either with or without a plea agreement.

14  He states that his trial counsel's sole advice was that he should "take the case to trial." (Id. at

15  10.)

16              Respondent's counsel, on the other hand, argues that

17              [trial counsel] did not move to suppress the warrantless search of
               the outdoor marijuana garden because [movant] lacked standing to
18              challenge the search as he did not own or possess the property
               searched and, in any event, the search of the outdoor marijuana
19              garden was proper under the open fields doctrine.  The United
               States expects that [trial counsel's] information and documents will
20              establish that [movant] did not need to request a Spanish language
               interpreter as [movant] is bilingual and sufficiently fluent in both
21              languages to comprehend and competently participate in the trial
               proceedings.  The United States believes that [trial counsel's]
22              information and documents will prove that [trial counsel] properly
               advised [movant] on the alternatives to proceeding to trial, such as
23              pleading guilty to the Indictment charges, but that [movant] chose a
               trial on the charges instead.

24

25  (May 18, 2009 Mem. at 11.)

26  /////

                                              5

1    Through his discovery motion, respondent's counsel seeks documentary evidence

2    and testimony from movant's counsel.  The specific information sought is as follows:

3         1. [Trial counsel's] explanation why he declined to move to
          suppress the evidence seized as a result of the warrantless search of
4         the outdoor marijuana garden;

5         2. [Trial counsel's] explanation why he declined to obtain a
          Spanish/English language interpreter for Garcia's use during trial;
6         and

7         3. [Trial counsel's] explanation on whether he advised [movant]
          on the alternatives to proceeding to trial, such as pleading guilty to
8         the Indictment charges.

9    (May 18, 2009 Mem. at 5-6.)  Respondent also seeks "any documents, including correspondence,

10   memoranda, and notes, reflecting communications between [trial counsel] and [movant] in which

11   any of the three subjects listed above, and which are the subjects of [movant's] § 2255 petition,

12   are discussed."  (Id. at 6.)  As a basis for good cause, respondent explains that it "cannot properly

13   respond to [movant's] allegations of [trial counsel's] ineffectiveness without obtaining discovery

14   from [trial counsel] on the communications and discussions between [trial counsel] and [movant]

15   on issues raised in [movant's] § 2255 petition to determine whether and why [trial counsel] did

16   and/or did not perform the acts that [movant] claims rendered his attorney ineffective."  (Id. at 2.)

17        1.  Respondent's Request for Discovery

18        Pursuant to the Rule 6(a) of the Rules Governing Section 2255 Proceedings, "a

19   judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of

20   Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of

21   law."  A party requesting discovery must provide "reasons" for the request.  Id.  "[D]iscovery is

22   available  . . . at the discretion of the district court judge for good cause shown, regardless of

23   whether there is to be an evidentiary hearing."  Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir.

24   1997).

25        The court finds that respondent has established good cause for discovery in the

26   form of an affidavit from movant's trial counsel related to the three claims of ineffective

6

1  assistance of counsel contained in the instant § 2255 motion.  Respondent has articulated a

2  plausible reason why it needs the requested affidavit from movant's trial counsel.  In order to file

3  an appropriate response to movant's § 2255 motion, respondent will need to know what trial

4  counsel did or did not do and why.  Accordingly, respondent's request for this discovery will be

5  granted.

6          The court does not find good cause for the issuance of an order authorizing a

7  subpoena for records or an order requiring the production of documentary evidence.  Under Rule

8  6(b) of the Rules Governing Section 2255 Proceedings, a party requesting discovery must

9  "specify any requested documents."  Respondent's broad request for "any documents" in trial

10  counsel's file which may be relevant to the allegations contained in movant's § 2255 motion is

11  insufficiently specific and appears to be in the nature of a fishing expedition.  Accordingly,

12  respondent's request for documents will be denied at this time.

13          The court also does not find good cause to hold an evidentiary hearing at this

14  time.  After respondent files an answer, the court will determine whether an evidentiary hearing

15  is necessary.

16          2.  Respondent's Request for a Waiver of Attorney-Client Privilege

17          When a petitioner in a habeas corpus action raises a claim of ineffective assistance

18  of counsel, he waives the attorney-client privilege as to the matters challenged.  See Bittaker v.

19  Woodford, 331 F.3d 715, 718-19 (9th Cir. 2003) (" [A] litigant waives the attorney-client

20  privilege by putting the lawyer's performance at issue during the course of litigation . . .");

21  Osband v. Woodford, 290 F.3d 1036, 1042 (9th Cir. 2002).  The waiver applies to all

22  information necessary to give the opposing party a fair opportunity to defend.  Bittaker, 331 F.3d

23  at 719.  If a district court exercises its discretion to allow discovery subject to an attorney-client

24  waiver, it must enter appropriate protective orders clearly delineating the contours of the limited

25  waiver before the commencement of discovery.  Id. at 728.

26  /////

1    Here, the court finds that movant has waived the attorney-client privilege with

2  regard to any communications between movant and his trial counsel regarding: (1) counsel's

3  decision not to file a motion to suppress evidence obtained as a result of the warrantless search of

4  the outdoor marijuana garden; (2) movant's fluency in the English language and ability to

5  comprehend his trial proceedings and assist his trial counsel without the aid of a Spanish/English

6  interpreter; and (3) whether movant's trial counsel advised movant of the alternatives available to

7  him to resolve the criminal charges against him prior to trial.  By separate order the court will

8  limit the use of information and materials obtained by respondent as a result of movant's waiver.

9    3.  <u>Movant's Request for an Evidentiary Hearing and/or a Waiver of the Opportunity to</u>

10  <u>File an Answer</u>

11    As described above, movant requests that this court enter an order finding that

12  respondent has "waived" the opportunity to file an answer to the instant § 2255 motion because

13  of respondent's failure to file an answer within ninety days of this court's October 24, 2008

14  order.  The court does not find good cause to enter such an order.  Respondent's failure to answer

15  movant's § 2255 motion was based, in part, on movant's failure to respond to respondent's

16  discovery motion, as ordered by the court.  Under the circumstances presented here, the court

17  finds that respondent's failure to file an answer was, at most, the result of excusable neglect.  <u>See</u>

18  Fed. R. Civ. P. 6(b)(1)(B).  Accordingly, movant's motion for a finding of "waiver" will be

19  denied and respondent will be granted an additional extension of time to file an answer.

20                                         CONCLUSION

21    Accordingly, IT IS HEREBY ORDERED that:

22    1.  Movant's May 1, 2009 motion for a finding of waiver and for evidentiary

23  hearing is denied;

24    2.  Respondent's October 8, 2008 and April 6, 2009 motions for an order

25  declaring a waiver of attorney-client privilege are granted.  Subject to the protective order issued

26  /////

                                              8

1  concurrently with this order, the court declares a waiver of movant's attorney-client privilege

2  with respect to the claims made in the instant § 2255 motion, as described above.

3        3.  Respondent's October 8, 2008 and April 6, 2009 motions for leave to conduct

4  discovery are granted in part and denied in part.  Respondent may obtain from movant's trial

5  counsel a declaration addressing the three claims of ineffective assistance of counsel raised in the

6  § 2255 motion currently pending before the court, as described above.

7        4.  Respondent's April 6, 2009 motion for an extension of time to file an answer is

8  granted.  Respondent shall file an answer to the instant § 2255 motion within forty-five days

9  from the date of this order.

10       5.  After the answer has been filed, the court will determine whether an

11 evidentiary hearing is necessary for the appropriate disposition of this matter.

12 DATED: January 8, 2010.

13

14 _____

15 DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

16 DAD:8
   garcia519.2255disc

17

18

19

20

21

22

23

24

25

26