UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EZEQUIEL QUESADA-GARCIA, et al.,<br><br>　　　　　Defendants. | No. 2:02-cr-00519-KJM-DAD<br><br><br>ORDER |

　　　　　This matter is before the court on defendant Ezequiel Quesada-Garcia's "Motion to Set Aside A Previous § 2255 Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) & (6)."  (ECF 220.)  For the reasons below, defendant's motion is DENIED.

　　　　　Defendant's motion is in substance a motion to reconsider this court's March 19, 2012 order (ECF 213) adopting in full the assigned magistrate judge's findings and recommendations (ECF 209 ("F&Rs")).  The F&Rs recommended denying defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Defendant had argued that he deserved relief from his sentence because his trial counsel provided ineffective assistance by not, among other things, advising defendant he could enter an "open" guilty plea.  (F&Rs at 13.)  The F&Rs rejected this argument, concluding defendant had not demonstrated he was prejudiced by his counsel's alleged deficiency: defendant did not show he probably would have entered an open plea of guilty to all charges.  (*Id.* at 17.)

In the instant motion, defendant rehashes his "open" guilty plea contention. (ECF 220 at 1–2.) Arguing Federal Rule of Civil Procedure 60(b) permits this court to provide relief from a judgment when extraordinary circumstances are present, defendant seems to assert an intervening change in the law warrants the relief he seeks. (*Id.* at 4.) Defendant contends two 2012 Supreme Court cases — *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, __U.S. __, 132 S.Ct. 1399 (2012) — newly hold that ineffective assistance of counsel claims may extend to counsel's representation during plea negotiations. (*See id.*)

Defendant's argument is meritless for at least two reasons. First, *Lafler* and *Frye* do not hold for the first time that *Strickland*'s protections extend to an attorney's representation during plea agreements. This has long been the law. *McMann v. Richardson*, 397 U.S. 759, 771 (1970) (defendants during plea negotiations are "entitled to the effective assistance of competent counsel"), *see also Buenrostro v. United States*, 697 F.3d 1137, 1139 (9th Cir. 2012). Moreover, *Lafler* and *Frye* reaffirmed the standard the magistrate judge used to evaluate defendant's ineffective assistance claim. *Compare* F&Rs at 16 ("[M]ovant must show that there is a reasonable probability that but for counsel's ineffective assistance he would have pleaded guilty and received a lesser sentence.") *with Lafler*, 132 S.Ct. at 1385 (defendant must show he "would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances"); *accord Frye*, 132 S.Ct. at 1409. Second, defendant presents no new evidence or other information warranting reconsideration, more than a year later, of this court's order adopting the F&Rs. *See* L.R. 230(j) (party seeking reconsideration must show new or different facts or circumstances exist that were not present when original order was issued). This court, in adopting the F&Rs, has already found that defendant suffered no prejudice through his counsel's representation during plea negotiations. (*See* ECF 213.) That decision stands.

IT IS SO ORDERED.

Dated: February 13, 2014.

_____
UNITED STATES DISTRICT JUDGE