UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>ESQEQUIEL QUESADA GARCIA,<br><br>Movant. | No. 2:02-cr-519-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Esqequiel Quesada Garcia (hereafter "movant"), a federal prisoner proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] His motion asks this court to determine whether the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) entitles him to any sentencing relief. ECF No. 230 at 1-2. The government's opposition argues that this court should dismiss this motion because it is an unauthorized second or successive motion. ECF No. 234 at 3. The government argues alternatively that the motion should be denied on its merits. *Id*. For the reasons stated hereafter, the motion is successive and must be dismissed for lack of jurisdiction.

/////

/////

---

[1] This motion was assigned, for statistical purposes, civil case number No. 2:16-cv-1815-KJM-EFB.

1

**I.     Background**

Movant was convicted by a jury in 2004 of: (1) conspiring to manufacture at least 1,000 marijuana plants, in violation of 21 U.S.C. § 841(a)(1); (2) manufacturing at least 1,000 marijuana plants, in violation of 21 U.S.C. § 841(a)(1); and (3) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (c)(1)(A)(i). ECF No. 83; ECF No. 209 at 1. He was sentenced to 181 months – 121 months for counts one and two and 60 months for count three. ECF No. 83 at 2. On direct appeal the case was remanded by the Ninth Circuit in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). ECF No. 112. The original sentence was then reaffirmed by the district court. ECF No. 122.

Movant filed an earlier section 2255 motion on July 30, 2008. ECF No. 155. Therein, he argued that: (1) the jury was exposed to extrinsic evidence; (2) some jurors discussed the case prior to deliberation and without all twelve jurors present; (3) the district court erred in failing to "articulate its consideration of 18 U.S.C. § 3553(a); and (4) the sentence imposed was unreasonable under the Supreme Court's decision in *Booker*. *Id*. at 1. This motion was denied on March 19, 2012 and the district court declined to issue a certificate of appealability. ECF No. 213. On April 23, 2012, movant appealed that denial and requested the issuance of a certificate of appealability. ECF No. 215. One year later, on April 23, 2013, the Ninth Circuit declined to issue a certificate of appealability. ECF No. 219.

Movant filed this section 2255 motion on July 29, 2016. ECF No. 230.

**II.    Legal Standard**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the

guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346. *See also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

### III. Analysis

A district court is not authorized to grant a movant leave to file a second or successive section 2255 motion. 28 U.S.C. § 2255(h). Instead:

> A second or successive motion must be certified as provided in section 2244 (28 USCS § 2244) by a panel of the appropriate *court of appeals* to contain--
>
>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id*. (emphasis added). Here, movant filed a previous section 2255 motion which attacked the same conviction and which was fully adjudicated. *See* ECF Nos. 155, 209, 213, & 219. *See United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) ("A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h).").

It is true that movant's current *Johnson* claim – to the extent that movant's vague request that this court determine whether *Johnson* entitles him to *any* relief can be characterized as a 'claim' – could not have been raised in his initial section 2255 motion. The first motion was filed in 2008 (ECF No. 155) and denied by the district court in 2012 (ECF No. 213). The Supreme Court decided *Johnson* on June 26, 2015. 135 S. Ct. 2551 (2015). Nevertheless, his inability to raise his *Johnson* claim in his first petition speaks only to whether a successive motion should be certified by the Ninth Circuit; it does not exempt him from the certification requirement

3

altogether. *See United States v. Lopez*, 534 F.3d 1027, 1033 (9th Cir. 2008) ("That [movant] did not have the information to formulate her *Brady* claim until after her first habeas motion was denied does not exempt her from fulfilling the prerequisites for a second or successive application that Congress has established by the plain language of § 2255."). In a decision this court finds persuasive, the Fifth Circuit declined to hold a habeas petition non-successive where it rested on a rule of constitutional law decided after that petitioner's first habeas petition was adjudicated. *Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009). The *Garcia* court reasoned:

> Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition. [Petitioner's] view of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998)] would permit an end-run around § 2244. The new rule of constitutional law would be non-successive because it was previously unavailable, so no authorization would be required. Were [petitioner] correct, § 2244(b)(2) would be rendered surplusage.

*Id.*[2]

Based on the foregoing, the court concludes: (1) that movant's current motion is successive; (2) that it was not, as § 2255(h) requires, certified by the Ninth Circuit; and, consequently, (3) that this court lacks jurisdiction to consider it. *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) ("[Petitioner] did not request the requisite certification from this court prior to filing this § 2255 motion in which he has raised a successive claim. We conclude that the district court lacked jurisdiction to consider the merits of [petitioner's] claim . . .").

One final item to consider is whether this motion ought to be referred to the Ninth Circuit.

/////

/////

/////

/////

---

[2] The *Garcia* decision dealt with a petition for writ of habeas corpus filed under § 2254 rather than a § 2255 motion. 573 F.3d at 219. The court concludes, however, that this distinction has no bearing on whether a newly announced rule of constitutional law by the Supreme Court renders a motion or petition non-successive. Section 2255(h)(2) makes specific provision for such a circumstance and would, in the words of the *Garcia* court, "be rendered surplusage" if the reasoning in *Garcia* were rejected for § 2255 motions.

Under Ninth Circuit Rule 22-3(a), "[i]f an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals."[3] The court concludes that, in this case, the interests of justice do not militate in favor of transfer. Movant was not sentenced under the Armed Career Criminal Act's residual clause nor was his conviction predicated on the commission of a "violent felony" or a "crime of violence." Instead, he was convicted under 18 U.S.C. 924(c)(1)(A)(i) for possessing a firearm in furtherance of drug trafficking crimes. ECF No. 83 at 1. Accordingly, it is difficult to see how this section 2255 motion raises a colorable claim. Nevertheless, it is recommended that the Clerk be directed to mail movant a copy of Ninth Circuit Rule 22-3 and the Ninth Circuit Court of Appeals Form 12 - Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255. Movant may then undertake compliance with Rule 22-3 on his own.

### IV.     Conclusion

IT IS HEREBY RECOMMENDED that:

1.     Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 230) be denied without prejudice;

2.     The Clerk be directed to mail movant a copy of Ninth Circuit Rule 22-3 and the Ninth Circuit Court of Appeals Form 12 - Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255; and

3.     The Clerk of Court be directed to close the companion civil case, No. 2:16-cv-1815-KJM-EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[3] Ninth Circuit Rule 22-3(a) also provides that, "[i]f an application for authorization to file a second or successive section 2254 petition or section 2255 motion is *mistakenly* submitted to the district court, *the district court shall refer it to the court of appeals*." (emphasis added). There is no indication that movant mistakenly submitted this motion to this court, however, and this portion of the rule is, therefore, inapplicable.

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
3 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
4 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
5 his objections movant may address whether a certificate of appealability should issue in the event
6 he files an appeal of the judgment in this case.

Dated:  April 23, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE